UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEBORAH PATTERSON,

    Plaintiff,

vs.    Case No. 3:06-cv-567-J-HTS

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,[1]

    Defendant.

## OPINION AND ORDER[2]

### I. Status

Deborah Kay Patterson is appealing the Social Security Administration's denial of her claim for Disability Insurance Benefits. Her alleged inability to work is based on "back, neck, wrist, shoulder, arm, knee, feet, spine, [and] tailbone pain[.]" Transcript of Administrative Proceedings (Tr.) at 61 (capitalization omitted). Plaintiff was found not disabled by Administrative Law Judge (ALJ) Douglas A. Walker in a Decision

---

[1] Pursuant to Rule 25, Federal Rules of Civil Procedure, Michael J. Astrue, Commissioner of Social Security, is substituted as Defendant herein.

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference - Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #12).

entered on July 28, 2005.  *Id.* at 16, 24.  Ms. Patterson has exhausted the available administrative remedies and the case is properly before the Court.

Plaintiff argues "the ALJ violated the 11th Circuit pain standard[.]"  Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits (Doc. #15; Memorandum) at 1, 10 (emphasis and capitalization omitted).  She contends "ALJ Walker failed to give adequate reasons as to why he discredited [the] pain testimony." *Id.* at 17.

## II.  Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if . . . supported by 'substantial evidence[.]'"  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)).  Substantial evidence has been defined as "'such

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A).  An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy.  *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Despite the existence of support in the record, the ALJ's determination may not be insulated from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III.  Discussion

Claimant urges "[t]he ALJ explicitly rejected [her] credibility with no evidentiary basis for doing so." Memorandum at 10. According to Ms. Patterson, "the substantial evidence of record provides objective evidence that supports [her] testimony regarding her chronic pain." *Id.* at 17.

The regulations recognize "[p]ain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone[.]" 20 C.F.R. §§ 404.1545(e), 416.945(e); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam). The standard in the Eleventh Circuit for evaluating the Commissioner's treatment of pain testimony has been articulated as follows:

> The [Commissioner] must consider a claimant's subjective testimony of pain if she finds evidence of an underlying

>  medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); *see also Eckert v. Comm'r of Soc. Sec.*, 152 F. App'x 784, 790 (11th Cir. 2005) (per curiam); SSR 96-7p (outlining how subjective complaints are to be evaluated).  "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561.

"After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence.  If the ALJ refused to credit subjective pain testimony where such testimony is critical, he must articulate specific reasons for questioning the claimant's credibility."  *Marbury*, 957 F.2d at 839 (citation omitted). "Failure to articulate the reasons for discrediting subjective [pain] testimony requires, as a matter of law, that the testimony be accepted as true."  *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam).

The judge cited the regulations and SSR 96-7p, and his discussion reveals application of the pain standard. *See* Tr. at 22-23. He explained as follows:

> The undersigned has considered the allegations of the claimant and finds them partially credible but not supported by the objective clinical and laboratory findings of record, the claimant's activities of daily living, the claimant's sparse, conservative and non-aggressive treatment history, and the infrequency of treatment. The claimant drives a car, has a driver's license, goes shopping, is independent in her activities of daily living, and was able to attend [to] the hearing proceedings closely and fully without noted distractions and was able to respond to questions in an appropriate manner although her answers were vague and evasive.
>
> Upon considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms. However, the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible.

*Id.* (citation omitted); *see also id.* at 18-22 (discussing medical evidence and determining limitations resulting from Claimant's impairments).

Of the reasons offered by the ALJ for refusing to fully credit Plaintiff's subjective complaints, Ms. Patterson arguably attacks the statements that her allegations are not supported by medical findings and that she received "sparse, conservative and non-aggressive treatment[.]" *Id.* at 22; *see* Memorandum at 11-12. She observes "the record shows that George L. Restea, M.D., and N. Shiriaeva, M.D., were [her] treating physicians from 1999 through

2003." Memorandum at 11-12.[4] She then describes six documents in the record relating to care from these providers. *See id.* at 12-14.[5] These consist of two physician's notes, *see* Tr. at 141, 173, a record pertaining to an Electrophysiological Study, *see id.* at 142-44, a completed questionnaire, *see id.* at 139, and two MRI reports. *See id.* at 147, 149, 155.

The record indeed contains various documents relating to treatment attributed to these doctors, *see*, *e.g.*, *id.* at 138-87, and the judge discussed evidence from both. *See id.* at 18-19, 21-22. A review of the Decision shows the ALJ considered, at least to the extent necessary, the substance of each of the items set forth by Plaintiff.

---

[4] Ms. Patterson also asserts the erroneousness of the judge's characterization of her treatment is revealed by the proposition that substantial evidence must support "[t]he determination that prescribed treatment would restore ability to work[.]" *Id.* at 12. However, it does not appear the judge made any such determination.

[5] Plaintiff mounts no discernable challenge to additional reasons supplied by the ALJ. She contends "the nature of [her] impairments could reasonably be expected to produce the pain and limitations" alleged, *id.* at 18, but the ALJ arguably already determined as much. *See* Tr. at 23. To the extent Ms. Patterson is suggesting the ALJ was required to accept the full extent of her claimed functional restrictions, she makes no argument apart from describing the six documents alluded to. While the Court will endeavor to ascertain whether, on their face, the records mentioned by Claimant demonstrate the judge erred in not entirely accepting her pain testimony, it need not take upon itself the responsibility of attempting to develop lines of argument that counsel has omitted from his brief. *See, e.g., Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) (issues presented in perfunctory manner deemed waived); *Gutierrez v. Barnhart*, 109 F. App'x 321, 324 (10th Cir. 2004) (arguments must be articulated with specificity to be raised adequately); *Schneider v. Barnhart*, No. 06-63-B-W, 2006 WL 3519311, at *3 (D. Me. Dec. 6, 2006); *Lechner v. Barnhart*, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004) (citing *Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001); *Setian v. Apfel*, 110 F. Supp. 2d 24, 26 n.2 (D. Mass. 2000).

The first document cited, a treatment note from September 2003, is quoted by Ms. Patterson for its mention of a medical history including cervical fusion at C5-C7 and a laminectomy at L5-S1. Memorandum at 12. The ALJ noted "fusion from C5 through C7" had been revealed by an MRI and x-ray. Tr. at 18. The prior laminectomy was not referenced by the judge, but as Claimant admits her "last back surgery was in 1997." Memorandum at 12 (citing Tr. at 288). Given that the disability onset date alleged is May 8, 2003, *see* Tr. at 52, a procedure performed six years earlier would not bear directly upon the degree of treatment received during the relevant period. Plaintiff additionally fails to explain how this aspect of her medical history is suggestive of limitations beyond those acknowledged by the ALJ.

Claimant next points to a study dated August 25, 2003, revealing: "1. Lumbar Radiculopathy on the right L2[ and] 2. Mild to Moderate Demyelinating and Axonal Sensory Motor Polyneuropathy on Both Lower Extremities." Memorandum at 12; *see* Tr. at 143. The judge accounted for this evidence, recognizing "[n]erve conduction studies" showed the problems quoted above. Tr. at 18. The third item, a completed questionnaire dated September 4, 2003, was also described by the ALJ. *See id.* at 22. He explicitly rejected Dr.

Shiriaeva's opinion expressed therein "regarding the extent of the claimant's limitations."  *Id.*[6]

The two MRI reports from 2003 cited by Ms. Patterson were, likewise, given due attention by the judge.  *See id.* at 18.  He accurately recounted that an MRI "scan of the lumbar spine taken in January 2003 revealed moderate sized left central and foraminal disc extrusion with moderate lateral recess and neural foraminal narrowing on the left and a diffuse disc bulge at L5-S1[.]"  *Id.; see id.* at 149, 155.  Similarly, the ALJ correctly noted "[a]n MRI of the cervical spine taken in July 2003 revealed fusion from C5 through C7, a dehydrated disc with osteophytes and bulge at C4-5, and moderate sized right central disc protrusion with mild canal stenosis[.]"  *Id.* at 18; *see id.* at 147.  Plaintiff provides nothing to suggest the MRI results compelled functional ability findings other than those adopted by the judge.

---

[6]  Plaintiff states in conclusory fashion "ALJ Walker erred by failing to give substantial weight to [her] treating physicians[,]" Memorandum at 14-15, but no argument in this regard is developed.  Dr. Shiriaeva gave opinions concerning decreased range of motion in the spine, limited grip strength, and an inability to squat or walk on toes.  *See id.* at 12-13 (citing Tr. at 139).  The judge determined the physician's "opinion regarding the claimant's grip strength is not supported by the X-Rays of the claimant's wrists and hands and is contrary to the findings of Dr. Greenberg on two separate occasions[.]"  Tr. at 22; *see also id.* at 138 (x-ray report showing only mild conditions), 203 (December 2003 finding by Dr. Greenberg of normal "[g]rip strength and fine manipulation"), 228 (July 1997 report from Dr. Greenberg noting normal fine manipulation and grip strength).  Further, he declared "Dr. Shiriaeva's opinion is . . . vague and imprecise, specifically, her opinion does not describe specific clinical or laboratory findings related to particular limitations."  *Id.* at 22; *see also id.* at 139 (opinions by Dr. Shiriaeva, with no explanation of related clinical or laboratory findings).  Claimant does not explain, and the Court cannot perceive, how the records she quotes undermine the ALJ's analysis in this regard.

Finally, the office note dated April 13, 2000, is adduced by Claimant to show "'Chronic Low Back Pain and Pain. Pain two, three toes of left foot.'"  Memorandum at 14; *cf.* Tr. at 173.  This note significantly precedes the relevant period, and there is no indication the foot pain resulted in limitations or was expected to continue for several years.  Further, as to chronic back pain, the ALJ remarked "claimant has a history of . . . back pain" and found she suffered from the severe impairment of "osteoarthritis of the . . . cervical spine and lumbar spine[.]"  Tr. at 18 (emphasis omitted); *see also id.* at 21 (finding, inter alia, mild to moderate pain, limitations to lifting and carrying, and the need for a sit/stand option).

In sum, Plaintiff advances few records from the relevant period to contradict the assertion she was receiving infrequent, sparse, or conservative treatment.  Moreover, the quoted evidence from that time frame is concerned with diagnostic, rather than therapeutic, measures.  She did apparently undergo a limited number of procedures in the years preceding her current claim.  However, the judge's characterization of her treatment history was not so unjustified, under the circumstances, as to warrant remand.

The ALJ explicitly considered nearly every aspect of the record excerpts set forth, and it is unclear how this medical evidence must be held to invalidate his findings or his conclusion concerning disability.  Nothing presented in the Memorandum as

demonstrative of error actually establishes functional limitations greater than those found by the judge.

### IV.  Conclusion

In accordance with the foregoing, it is hereby **ORDERED:**

The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May, 2007.

                                          /s/          Howard T. Snyder
                                          HOWARD T. SNYDER
                                          UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
     and pro se parties, if any